[Cite as *Wyant v. Wyant*, 2014-Ohio-792.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DONALD R. WYANT | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| LUCY H. WYANT | : | Case No. 2013CA00159 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:                    Appeal from the Court of Common
                                            Pleas, Family Court Division, Case
                                            No. 2007DR00587

JUDGMENT:                                   Affirmed in Part, Reversed in Part,
                                            and Remanded

DATE OF JUDGMENT:                           March 3, 2014

APPEARANCES:

For Plaintiff-Appellant                     For Appellee SCCSEA

DONALD R. WYANT, Pro Se                     KIMBERLY R. HOPWOOD
2814 10th Street NW                         Stark County Office Building
Canton, OH  44708                           P.O. Box 21337
                                            Canton, OH  44701

*Farmer, J.*

{¶1}  On January 9, 2008, appellant, Donald Wyant, and Lucy Wyant were granted a divorce.  Appellant was ordered to pay child support for two of the parties' three children in the amount of $697.11 per month.

{¶2}  Appellant was convicted of gross sexual imposition regarding one of his children for which he served time in prison from 2007 to 2012.

{¶3}  Pursuant to a request by appellant, an administrative hearing was held on January 29, 2013 on the issue of child support.  By findings and recommendations filed February 6, 2013, the hearing officer recommended child support in the amount of $204.31 per month.  A gross yearly income was imputed to appellant in the amount of $10,010.00.

{¶4}  Ms. Wyant filed an objection with the Court of Common Pleas, arguing child support should remain at $697.11.  Appellant also filed an objection, arguing the child support order should have been retroactively modified to the date of his incarceration.  By decision filed June 7, 2013, a magistrate dismissed appellant's objection for failure to prosecute, granted Ms. Wyant's objection, and reinstated child support in the amount of $697.11 per month.

{¶5}  Appellant filed an objection to the magistrate's decision, arguing he was able to pay only $51.00 per month.  By judgment entry filed July 13, 2013, the trial court denied the objection and approved and adopted the magistrate's decision.

{¶6}  Appellant filed an appeal and this matter is now before this court for consideration.  As appellant failed to list any assignments of error pursuant to App.R. 16(A)(3), we glean the following assignments from appellant's arguments:

I

{¶7} "THE TRIAL COURT ERRED IN FAILING TO REDUCE THE ARREARAGE AMOUNT BY RETROACTIVLY MODIFYING THE CHILD SUPPORT ORDER."

II

{¶8} "R.C. 3119.05(I)(2) IS UNCONSTITUTIONAL."

III

{¶9} "THE TRIAL COURT ERRED IN ITS AWARD OF CHILD SUPPORT."

{¶10} Appellant's appeal arises out of objections made to the February 6, 2013 findings and recommendations of the hearing officer from an administrative hearing on the issue of child support. The hearing officer recommended child support in the amount of $204.31 per month. A hearing was held in the Court of Common Pleas before a magistrate on June 4, 2013. As noted in the magistrate's decision filed June 7, 2013, appellant failed to appear and no testimony was taken. The magistrate dismissed appellant's objection for failure to prosecute, granted Ms. Wyant's objection, and reinstated child support in the amount of $697.11 per month.

{¶11} Appellant objected, arguing he was able to pay only $51.00 a month in child support because of his minimal employment. We note, as did the trial court in its judgment entry filed July 31, 2013, that a transcript of the magistrate's hearing was not provided for review. However, as noted in the magistrate's decision, no testimony was taken; therefore, the failure to file a transcript is not fatal to this appeal.

I, II

{¶12} In these assignments, appellant claims the trial court erred in failing to reduce the arrearage amount by retroactively modifying the child support order, and R.C. 3119.05(I)(2) is unconstitutional.  Because neither of these issues were raised to the trial court, we find they are not available for appeal.  Civ.R. 53(D)(3)(b)(iv); *Bennett v. Bennett,* 5th Dist. Fairfield No. 22-CA-92, 1993 WL 134886 (April 26, 1993); *Trotter v. Trotter,* 5th Dist. Delaware No. 94CA05012, 1995 WL 42501 (January 9, 1995); *Young v. Rogers,* 12th Dist. Butler No. CA2001-08-183, 2002-Ohio-5135.

{¶13}  Assignments of Error I and II are denied.

III

{¶14}  Appellant claims the trial court erred in maintaining the original order of child support in the amount of $697.11.  Appellant challenges the application of R.C. 3119.05(I)(2).  We agree in part.

{¶15}  R.C. 3119.05(I)(2) states the following:

(I) Unless it would be unjust or inappropriate and therefore not in the best interests of the child, a court or agency shall not determine a parent to be voluntarily unemployed or underemployed and shall not impute income to that parent if either of the following conditions exist:

(2) The parent is incarcerated or institutionalized for a period of twelve months or more with no other available assets, unless the parent is incarcerated for an offense relating to the abuse or neglect of a child who is the subject of the support order or an offense under Title XXIX of the

Revised Code when the obligee or a child who is the subject of the support order is a victim of the offense.

{¶16} It is undisputed that appellant's past unemployment was due to his incarceration for gross sexual imposition regarding one of his children, M.W. Although appellant is no longer incarcerated as he was released in August 2012, he argues he is now underemployed because of his felony conviction and his previous employer's "no rehire" policy.

{¶17} From our reading of R.C. 3119.05(I)(2), we find a reduction in child support is not available to appellant for M.W., but may be available for his other child, Z.W., who was not a victim.

{¶18} Upon review, we find child support for M.W. shall remain at the original amount as set forth in the January 9, 2008 order, and the trial court is to determine child support for Z.W. in light of the fact that the statute does not apply to this child.

{¶19} Assignment of Error III is granted in part and denied in part.

{¶20} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

SGF/sg 211